IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANNAMALAI ANNAMALAI,

                            Petitioner,

   v.                                                     OPINION and ORDER

WARDEN EMMERICH,                              24-cv-367-jdp

                            Respondent.

---

Petitioner Annamalai Annamalai, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 8. Annamalai's amended petition contains mostly fanciful and incoherent allegations, but it's clear that he seeks the invalidation of his federal criminal convictions and release from federal custody based on the results of civil litigation in state court.

I must preliminarily review the amended petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). Because it plainly appears that Annamalai isn't entitled to relief under § 2241, I will deny the amended petition. For reasons explained in this opinion, I will deny Annamalai's other pending motions.

I begin with some background. Annamalai was convicted in the Northern District of Georgia of several offenses, including bank fraud, conspiracy to commit bank fraud, filing a false federal income tax return, and making a false statement under oath in a bankruptcy

proceeding. *See United States v. Annamalai*, 13-cr-437 (N.D. Ga. 2013), Dkt. 982. The Bureau of Prisons' online inmate locator shows that Annamalai is housed at FCI Oxford and has a projected release date of August 25, 2029. As this court has noted, Annamalai has a "history of frequent and abusive litigation" and has been sanctioned extensively for filing "a deluge of meritless and frivolous actions." Case No. 24-cv-167, Dkt. 2 at 2.

As a general rule, a prisoner who challenges the execution of his sentence must proceed under § 2241, whereas a prisoner who challenges the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255. *See Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Petitions under § 2241 "must meet heightened pleading standards." *Compare McFarland v. Scott*, 512 U.S. 849, 856 (1994), *with* Rule 4, Section 2254 Rules.

It's difficult to summarize Annamalai's allegations. Annamalai alleges that he is a "judgment creditor" in an Indiana breach-of-contract action against a private individual. *See* Dkt. 10 ¶ 1; Vigo County (Ind.) Superior Court Case No. 84D02-1704-MI-2768. Annamalai further alleges that, in that case, he obtained an "equitable order of specific performance" against the U.S. Attorney General, the U.S. Attorney for the Northern District of Georgia, and the BOP and various BOP officials. Dkt. 10 ¶ 1. Annamalai's explanation is unclear, but he believes that the purported equitable order of specific performance invalidates his convictions and entitles him to immediate release from federal custody. *See id.* ¶¶ 2–7.

Annamalai hasn't alleged a basis for relief under § 2241. I've reviewed the docket sheet in the Indiana case, which is ongoing. There's no indication that Annamalai has obtained the relief that he alleges. Even if Annamalai has obtained, or ultimately obtains, a favorable decision in that case, it's implausible that a favorable ruling in a state-law breach-of-contract

action against a private individual would warrant § 2241 relief. In short, Annamalai hasn't met § 2241's heightened pleading requirements. Furthermore, Annamalai's allegations show that he challenges the validity of his convictions, not the execution of his sentence. Section 2241 is not an appropriate vehicle for his claims. I will not construe Annamalai's amended petition as a petition to vacate under § 2255 because his allegations are frivolous and further litigation of them would be futile.

I will deny Annamalai's amended petition. Annamalai is cautioned that, if he continues to file frivolous habeas petitions, I will enter an order barring him from bringing further petitions in this court.

Annamalai has also filed an emergency motion in which he repeats allegations from his amended petition and requests discovery and appointment of counsel. Dkt. 21. Annamalai filed a separate motion seeking appointment of counsel. Dkt. 19. I will deny these motions. I have denied the amended petition, so Annamalai's request for emergency consideration of those matters is moot. Annamalai hasn't shown good cause to conduct discovery because the amended petition is frivolous. Appointing counsel wouldn't serve justice because the amended petition is frivolous. *See* 18 U.S.C. § 3006A(a)(2)(B). There's no indication that appointing counsel would give Annamalai a reasonable chance of prevailing. *See Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). Any allegations challenging Annamalai's conditions of confinement would have to be pursued in a separate civil rights action.

ORDER

IT IS ORDERED that:

1. Petitioner Annamalai Annamalai's amended petition, Dkt. 8, is DENIED.

2. Petitioner's motion to appoint counsel, Dkt. 19, is DENIED.

3. Petitioner's emergency motion, Dkt. 21, is DENIED.

4. The clerk is directed to enter judgment and mail petitioner copies of this order and the judgment.

Entered August 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge